IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clara Lewis Brockington, ) | Civil Action No.: 4:04-216-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Bethea Baptist Retirement Community; ) | |
| John Moore, III; Martha Ann Arant; and ) | |
| Baptist Ministries for the Aging, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this matter, the plaintiff, Clara Lewis Brockington, filed a *pro se* complaint on January 23, 2004 alleging employment discrimination on the basis of race, gender and disabilty.

Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this case was referred to United States Magistrate Judge Thomas E. Rogers, III, for consideration of all pretrial matters. On August 31, 2005 the defendants filed a motion for summary judgment. By order entered September 1, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if she failed to respond adequately. The plaintiff did not file a response to the defendants' motion.

This matter is now before the undersigned for review of a Report and Recommendation ("Report"), filed by the Magistrate Judge on January 31, 2006. In his Report, the Magistrate Judge Rogers notes that since the plaintiff filed her complaint in January 2004, over two years ago, she has failed to participate in this action except to submit requests to extend deadlines. The Magistrate Judge notes that he has allowed each such request and plaintiff has failed to participate in this case within the

1

time allowed under any of the *six* scheduling orders issued. The Magistrate Judge concludes that the plaintiff has abandoned her lawsuit, and therefore, recommends to this court that the action be dismissed pursuant to Fed.R.Civ.P. 41(b). In the event this court did not agree with this action being dismissed under Rule 41(b), the Magistrate Judge went further to analyze and carefully consider the defendants' motion for summary judgement. After such, the Magistrate Judge recommends to this court that the defendants' motion be granted, which would only leave the plaintiff's claim for discrimination based on disability against South Carolina Baptist Ministries for the Aging, Inc., and Bethea Baptist Retirement Community and Healthcare Center, as the defendants did not seek summary judgment on that claim. The Magistrate Judge's Report further provides that if this court agrees with the recommendation regarding the defendants' motion for summary judgment, this case, which would have only one remaining claim, should be consolidated with the plaintiff's separate ongoing case 4:04-23042-RBH-TER. The plaintiff filed objections to the Magistrate Judge's Report on February 16, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As noted above, the plaintiff did file objections to the Magistrate Judge's Report and

Recommendation. In order for objections to be considered by the undersigned, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed.R.Civ.P. 72(b); see United States v. Schronce, 727 F.2d 91, 94 n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-47 nn. 1-3 (4th Cir. 1985). "Courts have [ ] held *de novo* review to be unnecessary in [ ] situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

The plaintiff's objections, which were filed by her "newly" retained counsel, can essentially be divided into two themes. First, she has now retained counsel and therefore, this case should not be dismissed under Rule 41(b). Second, the defendants' motion for summary judgment should not be granted because there has been no discovery as of yet.

With regard to the plaintiff's first argument, this court finds it remarkable that the plaintiff only retained counsel to assist her in the pursuit of this action only after the Magistrate Judge issued a Report recommending dismissal to this court and after over two years of non-action, except for the numerous requests to extend deadlines. Likewise, the court will note that several of the numerous extensions of deadlines in this case were given premised on the notion that the plaintiff was just before meeting with an attorney. In fact, as noted in the Report, as early as April of *2004*, the plaintiff requested an extension of the deadlines because the attorney that was going to represent her was in the hospital. The plaintiff also indicated in a letter to the court in June of *2004* that Attorney Chalmers Johnson's law firm would be representing her and he would be filing an appearance in the "next couple of weeks."[1] Needless to say, there was no attorney appearance in this case or action by the plaintiff, other than

---

[1] The court will note that this is the same law firm which filed a Notice of Appearance after the Report and Recommendation was issued in January of *2006* and which filed objections to the Report.

3

requests for scheduling order extensions, until more that two years after the plaintiff's initiation of this lawsuit. This court will not condone such dilatory conduct from any party, regardless of whether or not they are represented by counsel.

However, this court finds that it need not resolve the plaintiff's objection with regard to the Magistrate Judge's recommendation of a Rule 41(b) dismissal, because it concurs with the Magistrate Judge's alternative recommendation that the defendants' motion for summary judgment should be granted. As noted above, the plaintiff objects to the defendants' motion for summary judgment being granted because "no discovery has been conducted at this time."[2] Nonetheless, this court finds the issue of whether or not discovery has been conducted is not dispositive of the defendants' motion for summary judgment.

The court notes that a party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. Notably, the defendants have done such through the numerous affidavits in support of their motion. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The plaintiff has failed to

---

[2] Of course, the principal reason "discovery has not been conducted" is because of the plaintiff's dilatory conduct. Notably, on January 30, 2006, the Magistrate Judge issued an order granting the defendants' motion to compel the plaintiff's responses to the defendants' First Set of Interrogatories and First Requests for Production of Documents, which were served on the plaintiff *June 17, 2005*.

do so as she has not yet even responded to the defendants' motion, despite more than ample time to do so.[3] Significantly, "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e). Therefore, the court finds that plaintiff's objection regarding the defendants' motion for summary judgment is without merit.

The plaintiff makes no specific objection with regard to the Magistrate Judge's analysis of the defendants' motion for summary judgment and the viability of her causes of action, and therefore, this court will not discuss the Magistrate Judge's conclusions regarding such.

For the foregoing reasons, the court overrules all objections to the Magistrate Judge's Report and Recommendation, adopts the Report and Recommendation as modified by this Order and incorporates it herein by reference. The defendants' motion for summary judgment [Entry # 37] is hereby **GRANTED**. Therefore, the plaintiff's only remaining claim is for discrimination based on disability against South Carolina Baptist Ministries for the Aging, Inc., and Bethea Baptist Retirement Community and Healthcare Center, which shall be consolidated with the plaintiff's separate ongoing case 4:04-23042-RBH-TER. Furthermore, the parties are hereby **ORDERED** to supplement their briefs in 4:04-23042-RBH-TER and address this additional claim within twenty (20) days from the date this Order is entered.

---

[3] The court notes that counsel for the plaintiff argues in the objections that any party has the right to submit affidavits up until one day before a hearing date pursuant to Fed.R.Civ.P. 6(d). However, what counsel fails to realize is that under Local Rule 7.08 (D.S.C.), "[h]earings on motions may be ordered by the Court in its *discretion*. Unless so ordered, motions may be determined *without a hearing*." Moreover, the defendants' motion for summary judgment was filed more than one year ago and plaintiff has yet to file a response or a single affidavit.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

September 7, 2006
Florence, South Carolina